UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:15-CV-14408-ROSENBERG/LYNCH

RICARDO MEDRANO-ARZATE and
EVA CHAVEZ-MEDRANO, as Personal
Representatives of the ESTATE OF HILDA
MEDRANO, Deceased,

       Plaintiffs,

v.

PAUL C. MAY, individually and as
SHERIFF OF OKEECHOBEE COUNTY,
and OKEECHOBEE COUNTY,

       Defendants.

                                                  /

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

       **THIS CAUSE** is before the Court on Defendant Paul C. May's Motion to Dismiss [DE 29] ("Sheriff's Motion to Dismiss") and Defendant Okeechobee County's Motion to Dismiss [DE 31] ("County's Motion to Dismiss"), both of which seek dismissal of Plaintiffs' Amended Complaint [DE 19] pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has carefully considered both Motions, and the parties' respective responses in opposition thereto and replies in support thereof,[1] and is otherwise fully advised in the premises. For the reasons set forth below, both the Sheriff's Motion to Dismiss and the County's Motion to Dismiss are **GRANTED** and Plaintiffs' Amended Complaint is **DISMISSED WITH PREJUDICE**.

## I.     INTRODUCTION

       This is an action for deprivation of constitutional rights arising out of a fatal automobile collision. Plaintiffs Ricardo Medrano-Arzate and Eva Chavez-Medrano ("Plaintiffs") are the

---

[1] The Court notes that Defendant Paul C. May's Memorandum in Support of his Motion to Dismiss [DE 36] ("Sheriff's Reply") was filed over a month after the deadline to file a reply had expired. However, Plaintiffs have not moved to strike the Sheriff's Reply as untimely. In the absence of a motion to strike, the Court will consider the Sheriff's Reply.

Personal Representatives of the Estate of Hilda Medrano ("Ms. Medrano"), who died on December 1, 2013, when the vehicle in which she was a passenger collided with a vehicle driven by Deputy Joseph Anthony Gracie ("Deputy Gracie") of the Okeechobee County Sheriff's Office. Plaintiffs have filed suit pursuant to 42 U.S.C. § 1983 not against Deputy Gracie, but against Defendants Paul C. May, individually and in his capacity as Sheriff of Okeechobee County, and Okeechobee County ("Defendants"). Plaintiffs allege that certain policies implemented by Defendants—pursuant to which Deputy Gracie was unable to operate his lights and sirens while responding to an emergency call—caused the collision and Ms. Medrano's death.

While Ms. Medrano's death is tragic, the Court concludes that Plaintiffs have failed to state a claim against Defendants under § 1983. Plaintiffs do not and cannot allege that Deputy Gracie's conduct amounted to a deprivation of Ms. Medrano's constitutional rights. In the absence of a constitutional deprivation arising from Deputy Gracie's conduct, the Court need not examine Defendants' policies.[2] Plaintiffs' claims must instead be dismissed.

## II.    BACKGROUND[3]

At all relevant times, Defendants maintained two policies that—when read together—created a third policy pursuant to which Deputy Gracie was unable to operate his lights and sirens while responding to an emergency call on December 1, 2013. The first policy required all deputies with the Okeechobee County Sheriff's Office to use the radios in their patrol cars to

---

[2] The Court notes that Defendant Okeechobee County denies any responsibility for the policies identified in Plaintiffs' Amended Complaint. *See* DE 31. Because the Court dismisses all claims against Defendants on other grounds, the Court need not decide whether and to what extent Okeechobee County bears responsibility for the policies. For the sake of simplicity, however, the Court refers to the policies as Defendants' policies.

[3] The background facts set forth herein are drawn from Plaintiffs' Amended Complaint. For the purposes of this Order, the Court views the Amended Complaint in the light most favorable to Plaintiffs and accepts all of Plaintiffs' well-pleaded facts as true. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007) (citing *St. Joseph's Hosp. v. Hospital Corp. of America*, 795 F.2d at 954 (11th Cir. 1986)).

seek approval before operating their lights and sirens when responding to an emergency call. *See* DE 19 ¶ 14. The second policy prohibited all but the first deputy responding to an emergency call from using their radios or creating "chatter." *See id.* ¶ 15. Read together, these two policies give rise to a third policy: the second or any subsequent deputies responding to an emergency call will never operate their lights and sirens because they cannot use their radios to seek approval. *See id.* ¶ 16.

Shortly after 2:00 a.m. on December 1, 2013, Deputy Gracie was on duty and *en route* to the scene of an emergency. *See id.* ¶¶ 18–20. Pursuant to Defendants' policies, as the second deputy responding to the emergency call, Deputy Gracie could not use his radio to seek approval and therefore was not operating his emergency lights and sirens. *See id.* Nevertheless, Deputy Gracie traveled in excess of 90 miles per hour through an area where the posted speed limit was 35 miles per hour. *See id.* ¶ 21. Deputy Gracie slowed to 87 miles per hour just before colliding with the vehicle in which Ms. Medrano was a passenger as its driver was attempting to make a left-hand turn. *See id.* ¶ 22. Ms. Medrano died as a result of that collision. *See id.*

In their Amended Complaint, Plaintiffs assert that the policies set forth above caused, or were the moving force behind, Ms. Medrano's death. *See id.* ¶¶ 28, 33. Plaintiffs further assert that Defendants implemented these policies with deliberate indifference to the obvious consequence that compliance would certainly lead to serious injuries and death. *See id.* ¶¶ 27, 32. According to Plaintiffs, had Deputy Gracie been permitted to use his radio to seek approval, or permitted to operate his lights and sirens without approval, Deputy Gracie would have done so; under those circumstances, the driver of the vehicle in which Ms. Medrano was a passenger would have been aware that Deputy Gracie was approaching at a high rate of speed and would have taken the necessary precautions to avoid a collision. *See id.* Thus, Plaintiffs assert that

Defendants' policies "were the direct, proximate, and foreseeable cause of the violation of [Ms. Medrano's] 14th Amendment rights and ultimately, her death." *See id.* ¶¶ 29, 34.

### III.     LEGAL STANDARD

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). In sum, "[t]he plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556).

4

## IV.    DISCUSSION

"[T]o impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that right; and (3) that the policy or custom caused the violation." *Best v. Cobb Cty.*, 239 F. App'x 501, 503 (11th Cir. 2007) (quoting *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004)). If Plaintiffs are unable to establish any one of the three, their challenge necessarily fails. *See id.* Thus, Plaintiffs cannot maintain an action against Defendants under § 1983 without first establishing a deprivation of Ms. Medrano's constitutional rights.

To establish the requisite constitutional deprivation, Plaintiffs cannot rely exclusively on Defendants' policies. *See Rooney v. Watson*, 101 F.3d 1378, 1381 (11th Cir. 1996) (citing *Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (11th Cir. 1993)) ("[A]n inquiry into a governmental entity's custom or policy is relevant only when a constitutional deprivation has occurred."). Rather, Plaintiffs must show that Deputy Gracie's conduct amounted to a deprivation of Ms. Medrano's constitutional rights. *See id.* (citing *Los Angeles v. Heller*, 475 U.S. 796, 799 (1996) ("Since we have determined that Deputy Watson's conduct did not cause the Rooneys to suffer a constitutional deprivation, we need not inquire into Volusia County's policy and custom relating to patrol vehicle operation and training."); *Best*, 239 F. App'x at 503– 04 (affirming entry of summary judgment in favor of county because there was no constitutional violation by police officer).

Plaintiffs do not allege that Deputy Gracie's conduct amounted to a deprivation of Ms. Medrano's constitutional rights, nor could they do so under the facts of this case. *See Sacramento v. Lewis*, 523 U.S. 833, 853–54 (1998) (holding that high-speed police chases with

no intent to harm do not give rise to liability for deprivation of Fourteenth Amendment rights because challenged conduct does not shock the conscience); *Best v. Cobb Cty.*, 239 F. App'x 501, 504 (11th Cir. 2007) (citing *Sacramento*, 523 U.S. at 854)). Indeed, Plaintiffs appear to concede that fact by urging this Court to follow *Fagan v. City of Vineland*, 22 F.3d 1283 (3d Cir. 1994). In *Fagan*, the Third Circuit held "that in a substantive due process case arising out of a police pursuit, an underlying constitutional tort can still exist even if no individual police officer violated the Constitution." *See* DE 32. However, Plaintiffs ignore the fact that the Eleventh Circuit has explicitly rejected the conclusion reached in *Fagan*. *See Best*, 239 F. App'x at 504 (citing *Fagan* as an example of another circuit's disagreement with Eleventh Circuit precedent).

The Court follows the reasoning expressed by the Eleventh Circuit in *Best*, a case strikingly similar to the instant case. *Best* arose from a fatal automobile collision between an innocent bystander and a suspect fleeing from police. *See id.* at 502. As in this case, the plaintiffs in *Best* did not name the officer involved in the pursuit as a defendant or claim that he had committed a constitutional violation. *See id.* at 503. "Instead, the plaintiffs focus[ed] on the county's vehicle pursuit policy, arguing that the defendants were deliberately indifferent to their constitutional rights, and therefore the county [wa]s responsible for their injuries." *Id.* Because the *officer* did not violate the plaintiffs' Fourth or Fourteenth Amendment rights, the court concluded that there was no constitutional violation and, consequently, the plaintiffs' claim against the county could not survive. *Id.* at 504 (citing *Rooney*, 101 F. 3d at 1381).

In the absence of a constitutional deprivation by Deputy Gracie, Plaintiffs cannot maintain an action against Defendants under § 1983 based upon the policies alleged to have caused Ms. Medrano's death. Plaintiffs' Amended Complaint must therefore be dismissed with prejudice.

## V.    CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.     Defendant Paul C. May's Motion to Dismiss [DE 29] and Defendant Okeechobee County's Motion to Dismiss [DE 31] are **GRANTED**.

2.     Plaintiffs' Amended Complaint [DE 19] is **DISMISSED WITH PREJUDICE**.

3.     The Clerk of Court is directed to **CLOSE THIS CASE**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this <u>27th</u> day of May, 2016.

Copies furnished to:                                                   ROBIN L. ROSENBERG
Counsel of record                                                     UNITED STATES DISTRICT JUDGE

7